IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

QUINTON SETTLES                                                                                    PLAINTIFF
ADC #160480

v.                                            4:18cv00272-KGB-JJV

MOLDEN, Psychiatrist; *et al.*                                                             DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Quinton Settles ("Plaintiff") is incarcerated at the Delta Regional Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 2, 5.) He alleges he has been denied adequate medical care. (Doc. No. 5 at 4.) After careful review of Plaintiff's Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff's original Complaint was filed against Defendants Molden, Richard, and Carol A. Chisom. (Doc. No. 2 at 1-2.) As I noted in a prior Order, Plaintiff failed to state a claim against any of them, as his allegations were unclear. (Doc. No. 3 at 4.) I offered Plaintiff an opportunity to amend his Complaint, and he has now filed an Amended Complaint that does not name Molden, Richard, or Chisom as defendants. (Doc. No. 5 at 1-2.) He does mention Molden, a psychiatrist, in his "Statement of claim" but does not make any actual allegations against him; Plaintiff only says Molden "was also aware of [his] past medical history." (*Id*. at 5.) As I stated in my previous Order, Plaintiff may be attempting to argue Molden should have prescribed additional medications to treat his various mental health issues, but that allegation is too vague to state a claim. For these reasons, Defendants Molden, Richard, and Chisom should be dismissed from this action.

In his Amended Complaint, Plaintiff adds Emma M. Hamer, the ADC's Mental Health Supervisor, and Compton, the ADC's Rehab Program Manager, as Defendants. (*Id*. at 1-2.) Plaintiff makes no allegations against Defendant Compton and does not mention him or her in his "Statement of claim." (*Id*. at 4-6.) Therefore, Defendant Compton should be dismissed. Plaintiff's

allegations against Defendant Hamer are insufficient to state a claim. He has sued her in her official capacity only (*Id.* at 2), which means his claims for monetary damages are barred by the doctrine of sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office and, as such, is no different from a suit against the state itself, which is barred by the Eleventh Amendment unless the state has waived its immunity); *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991) (the State of Arkansas has not waived its Eleventh Amendment immunity). And although Plaintiff includes a request for injunctive relief, he has not made any actual allegations against Defendant Hamer other than to quote her response to his grievance. (Doc. No. 5 at 4-5.) A prison grievance procedure is a procedural right only and does not confer any substantive rights or give rise to a protected liberty interest. *See, e.g.*, *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). For these reasons, Plaintiff's claims against Defendant Hamer should be dismissed.

I offered Plaintiff an opportunity to amend his Complaint to clarify his allegations. (Doc. No. 3 at 4.) His Amended Complaint is similarly deficient. His cause of action should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 5) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 24th day of May, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."